## In re: TFT–LCD (FLAT PANEL) ANTITRUST LITIGATION

**State of Illinois ex rel. Lisa Madigan v. AU Optronics Corp., et al., N.D. Illinois, C.A. No. 1:10–5720.**

**MDL No. 1827.**

United States Judicial Panel on Multidistrict Litigation.

Feb. 3, 2011.

Before JOHN G. HEYBURN II, Chairman, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., BARBARA S. JONES, PAUL J. BARBADORO, Judges of the Panel.

## ORDER POSTPONING DECISION ON MOTION TO VACATE

**Before the Panel \*:** Plaintiff the State of Illinois has moved, pursuant to Rule 7.1, to vacate the respective portion of our order conditionally transferring this action to the Northern District of California for inclusion in MDL No. 1827. Responding defendants[1] oppose the motion to vacate.

After considering all argument of counsel, we have decided, contrary to our usual practice, to postpone a decision on plaintiff's motion to vacate until the Northern District of Illinois court rules on plaintiffs pending motion for remand to state court. Our reason for doing so is quite straightforward. Defendants removed this action from state court on two grounds—that the action is either a class action removable under the Class Action Fairness Act (CAFA), *see* 28 U.S.C. § 1332(d), or, in the alternative, a "mass action" removable under CAFA, *see* 28 U.S.C. § 1332(d)(11). CAFA, however, prohibits Section 1407 transfer of a mass action absent the consent of a majority of the action's plaintiffs. *See* 28 U.S.C. § 1332(d)(11)(C)(i). Thus, assuming this action is properly in federal court (a question that we do not decide), whether it may be transferred to the MDL (assuming the criteria for transfer under 28 U.S.C. § 1407 are otherwise met) turns on the basis on which it was removed. In our view, the statute entrusts that determination to the putative transferor court—in this case, the Northern District of Illinois.

IT IS THEREFORE ORDERED that a decision on plaintiff's motion to vacate is postponed pending a ruling on plaintiff's motion for remand to state court.[2]

\* Judge Kathryn H. Vratil took no part in the disposition of this matter.

1. Chi Mei Innolux Corp.; Chi Mei Optoelectronics Corp. USA, Inc.; CMO Japan Co. Ltd.; AU Optronics Corp.; AU Optronics Corp. America, Inc.; Epson Imaging Devices Corp.; Epson Electronics America, Inc.; Hitachi, Ltd.; Hitachi Displays, Ltd.; Hitachi America, Ltd.; Hitachi Electronic Devices (USA), Inc.; LG Display Co., Ltd.; LG Display America, Inc.; Samsung Electronics America, Inc.; Samsung Electronics Co., Ltd.; Samsung Semiconductor, Inc.; Sharp Corp.; Sharp Electronics Corp.; Toshiba Corp.; Toshiba Mobile Display Co. Ltd.; Toshiba America

Electronic Components, Inc.; and Toshiba America Information Systems, Inc.

2. The parties are directed promptly to notify the Clerk of the Panel when the Northern District of Illinois court rules on plaintiff's remand motion. If the court denies that mo-

tion, the parties are further directed to each file a brief (not to exceed ten pages in length) as to whether Section 1407 transfer is appropriate in light of the court's ruling.